IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41002
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

STEPHAN BOUDWIN,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
1:00-CR-152-ALL
---------------------
February 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellee Stephan Boudwin appeals his conditional guilty plea and the district court's denial of his motion to suppress the evidence against him.  Boudwin argues that his initial stop and prolonged detention by the police violated his Fourth Amendment right against unreasonable searches and seizures.

     In reviewing a district court's decision on a motion to suppress, we review questions of law <u>de</u> <u>novo</u>, "but questions of fact are accepted unless the district court's findings were clearly erroneous, or influenced by an incorrect view of the law."  <u>United</u>

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Gonzales, 79 F.3d 413, 419 (5th Cir. 1996). The evidence is viewed in the light most favorable to the prevailing party, unless this view is inconsistent with the district court's findings or is clearly erroneous based on the evidence as a whole. Id. at 419.

The district court properly characterized the officer's initial contact with Boudwin as a "consensual encounter" under United States v. Cooper, 43 F.3d 140, 145 (5th Cir. 1995). According to Cooper, an officer may generally approach any person to ask for identification or ask a question, as long as the officer does not imply that compliance is required. Cooper, 43 F.3d at 145. Therefore, the officer did not violate Boudwin's Fourth Amendment rights when she approached him at the fuel island and asked for his identification and his reason for being there.

The district court also found that once the officer approached Boudwin, the immediate "indication and aroma of marijuana coming from the defendant and the car and the visible signs that the defendant displayed while the officer was standing there . . .," generated probable cause to arrest him. Therefore, the initial stop and detention of Boudwin did not violate his Fourth Amendment rights. Based on these facts, the district court properly determined that the search and seizure were legal and did not violate Boudwin's Fourth Amendment rights. Consequently, the conditional nature of his guilty plea is unavailing, and his conviction is

AFFIRMED.

S:\OPINIONS\UNPUB\01\01-41002.0.wpd
4/29/04  5:45 pm